UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| YESSICA ORTIZ as Next Friend of Minors STEPHANIE LINETTE BALDERAS and JAVIER ESTEBAN BALDERAS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> DAVID RALPH WIWI; ROLAR, INC.; and GREAT WEST CASUALTY CO., <br><br> Defendants. | Civil Action <br> No. 3:11-CV-00033 |

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON BEHALF OF GREAT WEST CASUALTY COMPANY

This is a wrongful death action arising out of a commercial motor vehicle accident between a tractor-trailer driven by Defendant Ralph Wiwi ("Wiwi") in furtherance of Defendant Rolar, Inc.'s ("Rolar") motor carrier business, and an SUV driven by Plaintiff's decedent. Defendant Great West Casualty Company ("Great West") was Rolar's liability insurance carrier at the time of the accident. Plaintiff filed this action claiming, in part, that Great West is liable for the actions of Defendant Wiwi and Rolar under Georgia's direct action statute, O.C.G.A. § 46-7-12.1 (2008), and that Great West negligently failed to audit, supervise, and ensure that Rolar complied with

1

local, state, and federal motor common carrier regulations.

All Defendants have filed the current Motion for Summary Judgment [Doc. 54] on behalf of Great West. Having read and considered the Motion and responses thereto, the record in this case, the applicable law, and the arguments of the parties, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motion [Doc. 54]. Specifically, the Court denies summary judgment for Great West as to Plaintiff's claim under Georgia's direct action statute, and grants summary judgment as to Plaintiff's claims that Great West negligently failed to audit, supervise, and ensure that Rolar complied with local, state, and federal regulations.

## SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."[1] Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment.[2] This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[3]

In reviewing a motion for summary judgment, the court must view the evidence

---

[1] Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).
[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).
[3] *See id.* at 249-52.

and all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence.[4] The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[5]

If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law.[6] This evidence must consist of more than mere conclusory allegations or legal conclusions.[7] Summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."[8]

**FACTS IN THE LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY**

The facts, as viewed in the light most favorable to Plaintiff and as relevant to the

---

[4] *See id.* at 254-55; *see also Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133 (2000).
[5] *Celotex*, 477 U.S. at 323.
[6] *See* Fed. R. Civ. P. 56(e); *see also Celotex*, 477 U.S. at 324-26.
[7] *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).
[8] *Celotex*, 477 U.S. at 323.

current Motion, are as follows:

On February 28, 2009, at approximately 4 a.m., Plaintiff's decedent, Javier Esteban Balderas, Sr. ("Decedent") was driving a 1999 Ford Explorer (the "SUV") westbound on Interstate 20, through heavy rain, in Morgan County, Georgia. At that time, Defendant Wiwi was driving a tractor-trailer on I-20 West. Tragically, the tractor-trailer and the SUV collided, resulting in the deaths of Plaintiff's Decedent and two of the three passengers in the SUV.[9] It is undisputed that Defendant Wiwi was driving in furtherance of Defendant Rolar's commercial trucking business.

At the time of the accident, Rolar, a motor carrier, was insured by Defendant Great West pursuant to a Commercial Lines liability insurance policy bearing policy number CLP85430 (the "Policy"). Rolar's principle place of business is located in Gibbon, Nebraska. For purposes of registering as a motor carrier with the federal government, Rolar designated Nebraska as its registration "base state" pursuant to 49 U.S.C. § 14504a. Rolar did not have any filings with a Georgia agency, nor did it have a permit or certificate to engage in intrastate commerce within the State of Georgia.

Defendants have filed the current Motion arguing that Great West is entitled to summary judgment on Plaintiff's claims under Georgia's direct action statute and Plaintiff's negligence claims for Great West's purported failure to audit, supervise, and ensure that Rolar complied with local, state, and federal regulations. The Court

---

[9] The passengers of the SUV are not parties to this action.

4

addresses each of these claims, in turn, below.

## DISCUSSION

**A.  Direct Action Claim**

Plaintiff seeks to impose liability on Great West pursuant to O.C.G.A. § 46-7-12.1[10], Georgia's direct action statute in effect at the time of the accident.[11]  Section 46-7-12.1 is commonly referred to as the "direct action statute" because it establishes a direct cause of action against a motor carrier's insurer on behalf of a party injured by the motor carrier's negligence.  The statute provides:

> (a) No motor common carrier . . . shall be issued a permit [required to operate in Georgia] unless there is filed with the state revenue commissioner a certificate of insurance for such applicant or holder on forms prescribed by the commissioner evidencing a policy of indemnity insurance by an insurance company licensed to do business in this state, which policy must provide for the protection of passengers in the case of passenger vehicles and for protection of the public against injury proximately caused by the negligence of such motor common or motor contract carrier, its servants, or its agents . . . . <u>The insurer shall file such certificate.</u> The failure to file any form required by the state revenue commissioner shall not diminish the rights of any person to pursue an action directly against a motor common or motor contract carrier's insurer.
>
> . . .
>
> (c) It shall be permissible under this article for any person having a cause of action arising under this article to join in the same action the motor

---

[10] O.C.G.A. § 46-7-12.1(2008) has since been repealed, and the Georgia legislature has passed the Georgia Motor Common Carrier Act of 2012, O.C.G.A. § 40-1-112.

[11] It appears that all parties agree that the 2008 direct action statute is applicable to this case, and, indeed, applying the statute in effect at the time of this accident comports with Georgia law.  *See Sapp v. Canal Ins. Co.*, 288 Ga. 681, 682 (2011) (court applied provisions of Georgia's Motor Carrier Act in effect at time of the accident).

common or motor contract carrier and the insurance carrier, whether arising in tort or contract.[12]

Defendants point to O.C.G.A. § 46-7-16(f)[13] in support of their argument that the direct action statute only applies to intrastate (versus interstate) motor carriers who are required to file proof of insurance in Georgia.  Defendants contend that the direct action statute is inapplicable here because Rolar, as an exclusive interstate motor carrier, is not required to file proof of insurance in Georgia.[14]   Thus, Defendants essentially argue because Rolar, the motor carrier, is not required to file proof of insurance in Georgia, Plaintiff has no cause of action against Great West, the insurer.

The Court finds Defendants' argument is flawed because it assumes the statute does not differentiate between motor carriers and their insurers. Under the statute, "the obligation to file the certificate of insurance with the [state] is . . . imposed upon the <u>insurer</u> instead of the motor carrier."[15]   This requirement comports with the Federal Motor Carrier Act which only prohibits states from requiring <u>motor carriers</u>, like Rolar, to file proof of insurance in any other state than the motor carrier's base state.[16]  Thus, as to this case, the statute requires Great West to file proof of insurance in Georgia. The

---

[12] O.C.G.A. § 46-7-12.1 (2008) (emphasis added).
[13] "It shall not be necessary for any motor carrier to obtain a permit from the state revenue commissioner when such carrier is engaged solely in interstate commerce over the public highways of this state." O.C.G.A. § 46-7-16(f) (2008).
[14] Under the Federal Motor Carrier Act, Rolar was only required to register in Nebraska, its designated "base state." 49 U.S.C.S. § 14504a (2009).
[15] *Jackson v. Sluder*, 256 Ga. App. 812, 815 (2002) (emphasis added); O.C.G.A. § 46-7-12.1 (2008) ("The insurer shall file such certificate.").
[16] 49 U.S.C. § 14504a(c)(1)(B).

6

fact Great West did not actually file a proof of insurance here does "not diminish the rights of [Plaintiff] to pursue an action directly against [Great West]."[17]

All of the case law Defendants cite in support of their argument is based on *Caudill v. Strickland*,[18] a case that "is no longer good law."[19] In *Caudill*, like in the case at bar, the defendant motor common carrier engaged solely in interstate commerce, had registered only in its base state under federal law, and thus had not registered its certificate of insurance in Georgia.[20] Based on these facts, the Georgia Court of Appeals held that the trucking company's liability insurer was <u>not</u> subject to the direct action statute.[21]

*Caudill*, however, was decided prior to the 2000 amendment to the direct action statute in which the legislature specifically added, "[t]he failure to file any form required by the state revenue commissioner shall not diminish the rights of any person to pursue an action directly against a motor common . . . carrier's insurer."[22] In *Jackson v. Sluder*, decided after the 2000 amendment, the Georgia Court of Appeals cited *Caudill* as an example of the "anomalous statutory scheme" that was remedied by the 2000 amendment "to dispense with the mandatory precondition to suit that the carrier's

---

[17] O.C.G.A. § 46-7-12.1 (2008).
[18] 230 Ga. App. 644 (1998)
[19] Frank E. Jenkins III & Wallace Miller, III, *Georgia Automobile Insurance Law*, § 46:1(d) (2011 ed.).
[20] *Caudill*, 230 Ga. App. at 645.
[21] *Id*.
[22] O.C.G.A. § 46-7-12.1(a).

insurance policy or certificate of insurance be on file."[23]  This Court agrees that "[t]he logical conclusion to be drawn is that the holding in *Caudill* was superseded by the 2000 amendment. . . ."[24]  Thus, the Court is not persuaded by the case law cited by Defendants in support of their arguments that the direct action statute is not applicable to Great West.

For the foregoing reasons, the Court finds Plaintiff has a cause of action against Great West under O.C.G.A. § 46-7-12.1 (2008).[25]  Defendant's Motion for Summary Judgment as to Plaintiff's claim against Great West under the direct action statute is therefore **DENIED**.

### B. Negligence Claims

Plaintiff also claims that Great West is liable for its failure to audit and/or supervise Rolar to ensure Rolar complied with applicable federal and state regulations. "In order to have a viable negligence action, a plaintiff must satisfy the elements of the tort, namely, the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty."[26]  "The duty can arise either from a valid legislative enactment, that is, by statute, or be imposed by a common law principle recognized in the case law."[27]  The existence

---

[23] 256 Ga. App. at 815.
[24] *Georgia Automobile Insurance Law*, § 46:1(d).
[25] *See Sommers v. Hall*, No. CV 408-257, 2010 WL 1963382 (S.D. Ga. May 13, 2010) (finding motor carrier insurer is subject to direct action statute under similar facts).
[26] *Rasnick v. Krishna Hospitality, Inc.*, 289 Ga. 565, 566 (2011) (citations omitted).
[27] *Id.* (citation omitted).

8

of a legal duty is a question of law for the Court to decide.[28]

On summary judgment, Plaintiff fails to establish that Great West had any duty to audit or supervise Rolar to ensure that it complied with applicable federal and state regulations. Plaintiff fails to cite any regulations that impose any such duty upon a motor carrier's insurer. Although the federal regulations impose such legal duties upon owners and operators of <u>motor carriers</u>, there is no indication that they impose such duties upon the <u>insurers</u> of motor carriers. Moreover, Plaintiff fails to cite any case law which imposes any such duty on insurers, and she fails to point to any provisions in the Policy creating any such duty. Thus, Defendants are entitled to summary judgment on Plaintiff's negligence claims against Great West.[29] Defendants' Motion as to these negligence claims is hereby **GRANTED**.

## CONCLUSION

For the reasons explained above, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motion [Doc. 54]. Specifically, the Court denies the Motion as it relates to Plaintiff's claim under Georgia's direct action statute, and grants the Motion as it relates to Plaintiff's claims that Great West negligently failed to audit, supervise, and ensure that Rolar complied with local, state, and federal regulations.

---

[28] *Id.* (citation omitted).
[29] *See Kennedy v. Ga.-Carolina Refuse & Waste Co.*, 739 F. Supp. 604, 607 (S.D. Ga. 1990) (insurer entitled to summary judgment on claim that insurer negligently failed to require motor carrier to adhere to state and federal regulations because plaintiff failed to cite any case law establishing such a duty).

SO ORDERED this 26th day of September, 2012.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
United States District Judge

SSH/lmh