UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| YESSICA ORTIZ as Next Friend of | ) | |
| Minors STEPHANIE LINETTE | ) | |
| BALDERAS and JAVIER ESTEBAN | ) | |
| BALDERAS, JR., | ) | Civil Action |
| | ) | No. 3:11-CV-00033 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| DAVID RALPH WIWI; ROLAR, INC.; | ) | |
| and GREAT WEST CASUALTY CO., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT

This is a wrongful death action arising out of a commercial motor vehicle

accident between a tractor-trailer driven by Defendant Ralph Wiwi ("Wiwi") in

furtherance of Defendant Rolar, Inc.'s ("Rolar") business, and an SUV driven by

Plaintiff's decedent.   Defendants Wiwi and Rolar have filed the current Motion for

Partial Summary Judgment in which they move for summary judgment on Plaintiff's

claims for (1) punitive damages against both Defendants Wiwi and Rolar; and (2) direct

negligence against Defendant Rolar for negligent hiring, training, entrustment, and

supervision of Defendant Wiwi and negligent maintenance of the subject tractor-trailer.

Case 3:11-cv-00033-CAR   Document 71   Filed 09/26/12   Page 2 of 12

Having read and considered the Motion and responses thereto, the record in this case, the applicable law, and the arguments of the parties, the Court finds that Plaintiff fails to raise genuine issues of material fact on these claims and therefore **GRANTS** Defendants' Motion [Doc. 41].

## SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."[1] Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment.[2] This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party, or, in other words, if reasonable minds could not differ as to the verdict.[3]

In reviewing a motion for summary judgment, the court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence.[4] The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to

---

[1] Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, (1986); *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).
[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986).
[3] *See id.* at 249-52.
[4] *See id.* at 254-55; *see also Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, (2000).

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[5]

If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law.[6] This evidence must consist of more than mere conclusory allegations or legal conclusions.[7] Summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."[8]

**FACTS IN THE LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY**

On February 28, 2009, at approximately 4 a.m., Plaintiff's decedent, Javier Esteban Balderas, Sr., ("Decedent") was driving a 1999 Ford Explorer (the "SUV") westbound on Interstate 20, through heavy rain, in Morgan County, Georgia.  At that time Defendant Wiwi was driving a tractor-trailer on I-20 West. Tragically, the tractor-trailer and the SUV collided, resulting in the deaths of Decedent and two of the three

---

[5] *Celotex*, 477 U.S. at 323.
[6] *See* Fed. R. Civ. P. 56(e); *see also Celotex*, 477 U.S. at 324-26.
[7] *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).
[8] *Celotex,* 477 U.S. at 323.

passengers in the SUV.[9] It is undisputed that Defendant Wiwi was driving in furtherance of Defendant Rolar's commercial trucking business.

The details of the accident itself are irrelevant to this Motion, as the parties agree that the wrongful death claim presents genuine issues of material fact. Thus, this Court will not address the events surrounding the accident, the investigation of the accident, or the various events following the accident. Because this Motion concerns only punitive damages and the claims against Defendant Rolar for negligent hiring, training, entrustment, and supervision of Wiwi in its capacity as Wiwi's employer, the only pertinent facts, viewed in the light most favorable to Plaintiff, are as follows:

Defendant Wiwi began working as a commercial truck driver in 1999, when he began driving for a small trucking company, Connors Refrigerated Transport, located in Florida. In October 2007, Wiwi left Connors Refrigerated and began driving for Defendant Rolar. Before hiring Wiwi, Rolar required that Wiwi meet certain qualifying standards. To begin, Wiwi submitted his driver's license, medical card, and drug test results to Rolar, who in turn submitted this information to its insurance company, Great West.[10] After verifying these documents and checking Wiwi's driving record, Great West determined Wiwi was insurable and eligible for hiring.[11]

Thereafter, Rolar required Wiwi to pass a pre-employment 2,000 mile road test to

---

[9] The passengers of the SUV are not parties to this action.
[10] Middleswart Depo., p. 83.
[11] *Id.*, p. 84.

ensure Wiwi was a qualified driver and to determine if he was "good enough"; Wiwi passed the road test.[12]  Rolar additionally reviewed the negative results of Wiwi's four previous drug tests, the most recent being the month before he was hired,[13] conducted an interview, and contacted Wiwi's sole previous employer, Connors Refridgerated.[14] Once hired, Wiwi was required to complete at least two safety and training courses every year in accordance with Rolar's policy for all its drivers.[15]

When Wiwi began driving for Rolar in October 2007, he had a valid Florida commercial driver's license ("CDL").  However, ten months before the accident, in April 2008, Wiwi's CDL had been suspended. Thus, at the time of the accident, Wiwi was driving on a suspended license.  The evidence is clear that neither Wiwi nor Rolar actually knew of the suspension until the investigating officers informed Wiwi after the accident.[16]  It was later determined that Wiwi's CDL had been suspended for a financial responsibility issue related to his failure to renew personal injury protection insurance on a truck he no longer owned.[17]  Wiwi's driving record in the five years before the accident (and the three years before joining Rolar) was clear of any accidents, moving violations, or other citations.[18]

---

[12] *Id.*, at 83-84; Certification of Road Test, Ex. B.

[13] *Id.*, at 131.

[14] *Id.*, at 86, 98.

[15] Wiwi Depo., p. 214.

[16] Middleswart Depo., p. 104-106; Wiwi Depo., p. 219.

[17] Florida Motor Vehicle Report of April 20, 2011, Compl., Ex. C., Doc. 1-3.

[18] *Id*.

**DISCUSSION**

A. Punitive Damages Claim for Wrongful Death

Plaintiff brings a claim for punitive damages against both Defendants Wiwi and Rolar for the wrongful death of Decedent.  However, it is well settled under Georgia law that "[p]unitive damages are not available in a wrongful death claim."[19]  Although the estate may recover punitive damages in connection with the injuries, pain, and suffering of the deceased, Plaintiff does not assert an estate claim in this case, and therefore there is no basis for her to recover punitive damages here.[20]  Thus, Defendants Wiwi and Rolar are entitled to summary judgment on Plaintiff's punitive damages claim arising out of the wrongful death claim.

B. Claims against Defendant Rolar

Plaintiff asserts several claims against Defendant Rolar including claims for negligence maintenance of the tractor-trailer and negligence claims related to Defendant Wiwi's employment.  In their Motion, Defendants challenge each of these claims:

1. *Negligent Maintenance*

Plaintiff alleges in her Complaint that Rolar negligently permitted Wiwi to operate a tractor-trailer without proper mudflaps and lighting.  However, the Court agrees with Defendants that Plaintiff fails to provide any facts on which these bare allegations are based and does not even address this claim in her response to

---

[19] *Donson Nursing Facilities v. Dixon*, 176 Ga. App. 700, 702 (1985).
[20] *See id.*

Defendants' Motion for Summary Judgment.   A bare-bones assertion in a pleading will not suffice to withstand summary judgment, and this Court has no duty to make Plaintiff's argument for her.[21]   Accordingly, Defendant Rolar is entitled to summary judgment on Plaintiff's claim that Rolar negligently permitted Wiwi to operate the tractor-trailer without proper mudflaps and lighting.

2.   *Negligent Hiring, Training, Supervision, and Retention*

Under Georgia law, if the employer admits respondeat superior, as Rolar does here, the plaintiff cannot pursue an independent claim for negligent hiring, training, supervision, or retention unless she has a valid claim for punitive damages based on these claims.[22]   The Georgia Court of Appeals has held:

> Generally, when an employer admits the applicability of respondeat superior, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention.  The rationale for this is that, since the employer would be liable for the employee's negligence under respondeat superior, allowing claims for negligent entrustment, hiring, and retention would not entitle the plaintiff to a greater recovery, but would merely serve to prejudice the employer.[23]

However, an exception to this general rule exists "where a plaintiff has a valid claim for

---

[21] *See, e.g., Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("In opposing a motion for summary judgment, a party may not rely on his pleadings to avoid judgment against him.  There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.").

[22] *See, e.g., Durben v. Am. Materials, Inc.*, 232 Ga. App. 750 (1998); *Bartja v. Nat'l Union Fire Ins. Co.*, 218 Ga. App. 815, 817 (1995) (plaintiff cannot simultaneously pursue a claim for negligent entrustment where employer has admitted liability under  doctrine of respondeat superior unless plaintiff has a valid claim for punitive damages based on the negligence claim).

[23] *Durben*, 232 Ga. App. at 751.

punitive damages against the employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle to such employee."[24]

Here, Defendant Rolar admits that Wiwi was operating his vehicle in furtherance of Rolar's trucking business at the time of the accident; thus, Plaintiff's negligent hiring, training, supervision, and retention claims can only survive if Plaintiff can sustain a claim for punitive damages on these claims. Under Georgia law, "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."[25] "Negligence, even gross negligence, is inadequate to support a punitive damage award."[26]

A plaintiff can sustain a claim for punitive damages for negligent hiring, supervision, and retention, "only by showing that an employer had <u>actual knowledge</u> of numerous and serious violations on its driver's record, or at the very least, when the employer has flouted a legal duty to check a record showing such violations."[27] Georgia courts have granted summary judgment on punitive damages where the evidence shows that the employer complied with federal regulations and investigated the

---

[24] *Id.*

[25] O.C.G.A. § 51-12-5.1(b).

[26] *See Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (1988).

[27] *W. Indus., Inc. v. Poole*, 280 Ga. App. 378, 380 (2006).

background of its drivers.[28]

Here, with regard to Plaintiff's negligent hiring claim, there is no evidence in the record that Rolar knew or should have known at the time of hiring Wiwi, he had a propensity to drive unsafely.  When Wiwi joined Rolar in 2007, he was an experienced driver with a valid CDL, and his three-year driving record was clean.  Rolar contacted Wiwi's sole former employer before qualifying and hiring him.  Wiwi had not received any moving citations or violations in the five years before the accident, nor had he been involved in any accidents.  Moreover, Rolar required Wiwi to pass a pre-employment 2,000-mile road test.  Thus, the Court finds there is no clear and convincing evidence from which a reasonable jury could conclude that Rolar was negligent in hiring Wiwi.

The Court also finds that Plaintiff has no valid claim for punitive damages on his negligent training claim.  The Federal Motor Carrier Safety Regulations generally do not require trucking companies to train their drivers.  For instance, when a driver has a valid CDL, the motor carrier may accept the CDL in lieu of subjecting the driver to a road test.[29]  Here, Wiwi presented a valid Florida CDL before he was hired, and Rolar required Wiwi to complete a pre-employment driver's road test.  Thus, Rolar did more

---

[28] *See, e.g., Bartja*, 218 Ga. App. at 818 (no punitive damages where employer complied with federal regulations and driver was qualified to drive under regulations despite fact that driver's record showed two moving violations, a citation for driving his trust into a car parked on an emergency lane, and clipping the side mirror of an oncoming van on a two-lane highway); *compare Smith v. Tommy Roberts Trucking Co.,* 209 Ga. App. 826, 828 (1993) (denying summary judgment on punitive damages claim where employer failed to follow its own rules governing background checks of employee's driving record).

[29] 49 C.F.R. § 391.33(a)(1) ("In place of, and as equivalent to, the road test required by §391.31, a . . . motor carrier may accept: (1) A valid Commercial Driver's License . . . .").

than the Regulations require.  Moreover, Rolar required all of its employees, including

Wiwi, to complete at least two safety and training courses every year.  Thus, the Court

finds no reasonable jury could conclude that Rolar negligently trained Wiwi.

Plaintiff's negligent entrustment claim also fails as a matter of law because no

reasonable jury could find Rolar had actual knowledge that Wiwi was an "incompetent

or habitually reckless" driver.[30]  On the contrary, the evidence establishes that Wiwi's

drug tests were clear, and his driving record in the five years before the accident (and

the three years prior to joining Rolar) was clear of any accidents, moving violations, or

other citations.  Any argument that the suspension of Wiwi's CDL at the time of the

accident creates a genuine issue of material fact on the negligent entrustment claim fails

as a matter of law.  Wiwi's CDL was suspended because he failed to provide proof of

personal injury protection insurance for a truck he no longer owned -- not for any

reason in which Rolar could have been put on notice that he was an "incompetent or

habitually reckless" driver.

Finally, Plaintiff's claim against Rolar for negligent supervision fails because no

reasonable jury could conclude that Rolar reasonably knew or could have known that

Wiwi had a tendency to engage in any behavior that tends to cause motor vehicle

---

[30] *Pague v. Pendley*, 177 Ga. App. 573, 575 (1986) (The "essential elements of negligent entrustment"
against an employer are "predicated not on the doctrine of respondeat superior but on a negligent act of
the owner in lending his automobile to another to drive, with actual knowledge that the driver is
incompetent or habitually reckless. . . .") (citations omitted).

accidents. "[A]n employer may be held liable [for failing to properly supervise an employee] only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior <u>relevant to the injuries allegedly incurred by the plaintiff</u>."[31] As stated earlier, Wiwi's driving record was clean: he had not been involved in any accidents nor received any moving citations in the five years before the accident here. Wiwi's drug tests were negative, and Rolar required its drivers, including Wiwi, to complete at least two safety and training courses every year. The record lacks, and Plaintiff has failed to point out, any evidence from which a reasonable jury could find Rolar reasonably knew or should have known Wiwi engaged in any behavior relevant to cause a motor vehicle accident. Thus, Plaintiff's negligent supervision claim fails as a matter of law.

## CONCLUSION

As explained above, Plaintiff fails to raise any genuine issue of material fact on Plaintiff's claims for (1) punitive damages against both Defendants Wiwi and Rolar; and (2) direct negligence against Defendant Rolar for negligent hiring, training, entrustment, and supervision of Defendant Wiwi and negligent maintenance of the tractor-trailer involved in the accident. Thus, Defendants Wiwi and Rolar's Motion for Partial Summary Judgment [Doc. 41] is hereby **GRANTED**.

---

[31] *Alexander v. A. Atlanta Autosave, Inc.*, 272 Ga. App. 73, 77 (2005) (emphasis added).

SO ORDERED this 26th day of September, 2012.


                                      <u>S/  C. Ashley Royal</u>
                                        C. ASHLEY ROYAL
                                        United States District Judge


SSH/lmh